UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AGRIBUSINESS UNITED DMCC, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-15926** |
| **BLUE WATER SHIPPING CO., INC.** | **SECTION: "G"(1)** |

# ORDER

Pending before this Court is Defendant Blue Water Shipping Company, Inc.'s ("Defendant") "Motion for Partial Summary Judgment Dismissing Claims of Agribusiness United North America Corp."[1] In this litigation, Plaintiffs Agribusiness United DMCC ("AU Dubai") and Agribusiness United North America Corp. ("AU North America") (collectively, "Plaintiffs"), who were charterers/shippers of a vessel, allege that Defendant, a company Plaintiffs hired to arrange services for cargo to be loaded onto the vessel, failed to obtain certain necessary certificates and documents, causing a 10-day delay in the vessel's schedule.[2] Accordingly, Plaintiffs brought claims against Defendant for (1) breach of contract; (2) fraudulent misrepresentation; (3) negligence; and (4) gross negligence.[3] This Court subsequently dismissed the fraudulent misrepresentation, negligence, and gross negligence claims.[4] In the instant motion, Defendant argues that AU North America has not sustained any damages. Having considered the motion, the memoranda in support and opposition, and the applicable law, the Court will grant the motion.

---

[1] Rec. Doc. 41.

[2] Rec. Doc. 1.

[3] *Id.*

[4] *See* Rec. Doc. 29.

1

## I. Background

### A. Factual Background

In the complaint, Plaintiffs allege that in or about October 2012, Plaintiffs were charterers/shippers of the M.V. FENGLI 11 (the "Vessel").[5] Plaintiffs allege that they hired Defendant as a Freight Forwarder to arrange services for cargo to be loaded onto the Vessel at Savannah, Georgia, and Myrtle Grove, Louisiana.[6] Plaintiffs aver that in connection with those services, Plaintiffs provided Documentary Instructions to the Defendant on or about November 1, 2012, requiring Defendant to arrange for, *inter alia*, issuance of bills of lading, phytosanitary certificates, fumigation certificates, and numerous other documents.[7]

On or about December 5, 2012, Plaintiffs aver, the Vessel arrived at Savannah, Georgia, and began loading operations the following day.[8] However, according to Plaintiffs, Defendant did not arrange for a Federal Grain Inspection Service ("FGIS") inspection of the holds.[9] According to Plaintiffs, Defendant also failed to obtain a phytosanitary certification prior to loading and did not arrange for the FGIS surveyor to be present at commencement of loading.[10]

Plaintiffs aver that loading operations commenced without the needed surveyor.[11] According to Plaintiffs, "when nearly two Vessel holds were already loaded," they learned that no one from USDA/FGIS was present, and, therefore, no official phytosanitary certificate would be

---

[5] Rec. Doc. 1 at 2.

[6] *Id.* at 3.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

issued.[12] As a result, Plaintiffs aver, they had to order that the cargo be unloaded, and then reloaded in the presence of the surveyor, and cargo already loaded had to be shifted.[13] According to Plaintiffs, this caused a ten day delay in the Vessel's schedule.[14]

Plaintiffs allege that as a result, Plaintiffs sustained losses in Vessel demurrage, extra costs incurred for failure to timely inspect holds, shortages of cargos, and extension penalties incurred at the second loading port.[15] Plaintiffs aver that on or about June 2, 2014, Plaintiffs demanded Defendant pay $636,234.61 in damages plus interest and costs.[16] According to Plaintiffs, Defendant rejected the claim, and, to date, has failed to pay Plaintiffs any amount for their losses.[17]

### B.  *Procedural Background*

On October 28, 2016, Plaintiffs filed a complaint in this Court.[18] On May 23, 2017, Defendant filed a motion to dismiss.[19] On June 27, 2017, Plaintiffs filed an opposition.[20] On July 7, 2017, with leave of Court, Defendant filed a reply.[21] On March 26, 2018, the Court issued an order denying the motion to dismiss and granting Plaintiffs leave to amend their complaint within fourteen days to address deficiencies in regards to their claims for fraudulent misrepresentation,

---

[12] *Id.* at 4.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] Rec. Doc. 1.

[19] Rec. Doc. 7.

[20] Rec. Doc. 14.

[21] Rec. Doc. 17.

negligence, and gross negligence.[22] On April 19, 2018, Defendant filed a motion to dismiss the claims for fraudulent misrepresentation, negligence, and gross negligence, as Plaintiffs had still not amended the complaint.[23] On April 24, 2018, the Court granted Defendant's motion and dismissed Plaintiffs claims for fraudulent misrepresentation, negligence, and gross negligence.[24]

On November 6, 2018, Defendant filed the instant motion for summary judgment.[25] On November 29, 2018, Plaintiffs filed an opposition.[26] On December 12, 2018, with leave of Court, Defendant filed a reply.[27]

## II. Parties' Arguments

### A. *Defendant's Arguments in Support of the Motion for Summary Judgment*

In the motion, Defendant argues that AU North America "has not sustained damages as a result of any alleged breach of contract by [Defendant]," and thus AU North America's breach of contract claim should be dismissed with prejudice.[28] Defendant argues that after conducting discovery it became clear that "all of the damages alleged were admittedly borne by AU Dubai," not AU North America.[29] In support of this argument, Defendant relies on the deposition testimony of Plaintiffs' owner, managing director and primary witness, Mr. Abderrahim Abou El Ouafa, during which the following exchange occurred:

> Q. Who suffered the damages claimed in this lawsuit?

---

[22] Rec. Doc. 24.

[23] Rec. Doc. 27.

[24] Rec. Doc. 29.

[25] Rec. Doc. 41.

[26] Rec. Doc. 62.

[27] Rec. Doc. 73.

[28] Rec. Doc. 41-1 at 1.

[29] *Id.* at 2.

4

> A. [AU Dubai].
>
> Q. So North America didn't suffer any damages?
>
> A. Well, North America Corporation was providing the services to Agribusiness United DMCC, but also were acting as agent to Agribusiness United DMCC, so one or the other of them.
>
> Q. But for the 780-odd thousand dollars that is being claimed, best I can tell from looking at the invoices and the payment slips, every invoice was directed at DMCC, not North America. Is that fair?
>
> A. Yes, that is fair. And -- go ahead.
>
> Q. I don't want to cut you off. Go ahead.
>
> A. And even if it was sent to Agribusiness United North America Corporation, it was paid on behalf of DMCC.
>
> Q. Well, I haven't seen anything that says Agribusiness United North America paid any of the invoices or any of awards or anything like that. Is that accurate?
>
> A. It is.
>
> Q. But even if they had, then DMCC would ultimately be responsible, correct?
>
> A. Yes.[30]

Based on these statements, Defendant argues there is no dispute as to whether AU North America suffered any damages and thus the claim against AU North America should be dismissed.[31]

**B.** *Plaintiffs' Arguments in Opposition to the Motion for Summary Judgment*

In opposition, Plaintiffs' argue that AU North America acted as an agent for AU Dubai and made arrangements on AU Dubai's behalf.[32] Plaintiffs recognize that the damages were ultimately

---

[30] *Id.* at 6–7 (citing Rec. Doc. 41-2 at 26–27).

[31] *Id.* at 7.

[32] Rec. Doc. 62 at 2.

suffered by AU Dubai, but they assert that AU North America "was added to this suit to eliminate any arguments regarding proper party plaintiffs."[33] For instance, Plaintiffs note that certain invoices may have been sent to AU North America yet paid by AU Dubai.[34] Therefore, Plaintiffs state that they simply want to preserve all rights to claim these damages and not be met with an objection that an invoice directed to AU North America was not incurred by AU Dubai.[35]

Plaintiff then states that "North America offers this limited opposition only noting that the Declaration of El Ouafa, and the cited testimony by Defendant in its motion, establish that North America was acting for and providing services to [AU Dubai]. As such, communications between North America and Blue Water, and other parties, are communications on behalf of [AU Dubai]."[36] Plaintiffs request that instead of dismissal, the Court enters a stipulation that AU North America was acting for and providing services to AU Dubai.[37]

C.  *Defendant's Arguments in Further Support of the Motion for Summary Judgment*

In reply, Defendant argues that "AU North America, acting as agent for the disclosed principal AU Dubai, has no claim for damages against [Defendant] and has presented no evidence they are entitled to make any such claim."[38] Defendant claims that AU North America, which is admittedly an agent acting on the behalf of AU Dubai in this transaction, cannot point to any

---

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] Rec. Doc. 65-3 at 1.

6

evidence that it suffered damages.[39] Further, Defendant argues that despite a proposal of a stipulation by the Plaintiffs, they have not submitted any such stipulation on the record.[40]

### III. Legal Standard

*A.    Legal Standard for Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[41] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[42] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[43] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[44] The nonmoving party may not rest upon the pleadings, but must identify specific facts in

---

[39] *Id.* at 2.

[40] *Id.*

[41] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[42] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[43] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[44] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[45]

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[46] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[47] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[48] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[49] Rather, a factual dispute precludes a grant of summary judgment only if the evidence presented by the nonmovant is sufficient to permit a reasonable trier of fact to find for the nonmoving party.[50] Further, a court "resolve[s] factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[51] Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in

---

[45] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[46] *Celotex*, 477 U.S. at 323.

[47] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

[48] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1996)).

[49] *Little*, 37 F.3d at 1075.

[50] *Anderson*, 477 U.S. at 248.

[51] *Little*, 37 F.3d at 1075.

evidence at trial do not qualify as competent opposing evidence.[52] Ultimately, summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[53]

## B.     *Legal Standard for Breach of Contract*

This Court held in its Order denying Defendant's motion to dismiss that this is a maritime dispute.[54] Therefore, Defendant's alleged liability to AU North America on the breach of contract claim is determined in accordance with United States General Maritime Law. Courts typically employ federal common law to resolve maritime disputes.[55] The Fifth Circuit has looked to "general rules of contract law" in interpreting maritime contracts.[56] The Fifth Circuit has also noted that the principles of contract law in the maritime context "are much the same as those of ordinary contract law."[57] In deciding maritime contracts disputes, the Fifth Circuit has referred to the Restatement (Second) of Contracts for general principles of contract law.[58] In order to prevail on a breach of contract claim, the plaintiff must be able to prove the following elements: "1) the existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) breach of the contract by the defendant; and 4) damages to the plaintiff resulting from the breach."[59]

---

[52] Fed. R. Civ. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

[53] *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993).

[54] Rec. Doc. 24 at 24.

[55] *Albany Ins.Co. v. Anh Thi Kieu*, 927 F.2d 882, 886 (5th Cir.1991).

[56] *See Marine Overseas Services, Inc. v. Crossocean Shipping Co., Inc.*, 791 F.2d 1227, 1234 (5th Cir.1986) (interpreting a charter party).

[57] *Id.* (quoting G. Gilmore & C. Black, The Law of Admiralty § 4-1 at 196 (2d ed.1975)).

[58] *Id.*

[59] *Lewis v. Bank of Am. NA*, 343 F.3d 540, 544–45 (5th Cir. 2003).

## IV. Analysis

There is no factual dispute on the issue of whether AU North America suffered damages in this case. Plaintiffs and Defendant agree that AU North America acted solely as an agent in this case, on behalf of the principal entity, AU Dubai.[60] Plaintiffs' arguments rely on the deposition of Plaintiffs' owner, managing director and primary witness, Mr. Abderrahim Abou El Ouafa.[61] In the deposition, when asked "who suffered the damages claimed in this lawsuit," Mr. Abderrahim Abou El Ouafa responded "DMCC," meaning AU Dubai.[62] Further, when asked, "[] for the 780-odd thousand dollars that is being claimed, best I can tell from looking at the invoices and the payment slips, every invoice was directed at DMCC, not North America. Is that fair," he responded, "Yes, that is fair."[63]

In opposition to the instant motion, Plaintiffs argue that the deposition establishes that "[AU] North America was acting for and providing services to [AU Dubai]."[64] Thus, Plaintiffs argue that any communications between AU North America and Defendant, are communications on behalf of AU Dubai.[65] Therefore, the Court finds that "there is no genuine dispute as to any material fact,"[66] AU North America did not suffer any damages directly as it was merely acting as

---

[60] *See* Rec. Docs. 41-2 at 26–27, 62 at 2.

[61] Rec. Doc. 41-2.

[62] *Id.* at 26–27.

[63] *Id.* at 27.

[64] Rec. Doc. 62 at 2.

[65] *Id.*

[66] Fed. R. Civ. P. 56(a).

an agent of AU Dubai. Therefore, the motion for summary judgment must be granted because a party cannot succeed on a claim for breach of contract, if that party has not suffered damages.[67]

### V. Conclusion

For the reasons set forth above, the Court finds that there is no genuine issue of material fact and judgment as a matter of law is appropriate in favor of the movant. Based on the admitted agent-principal relationship between AU North America and AU Dubai and because AU North America did not suffer any damages in this case, this Court finds it appropriate to grant the instant Motion for Summary Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the "Motion for Partial Summary Judgment Dismissing Claims of Agribusiness United North America Corp"[68] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 17th day of December, 2018.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[67] *Lewis* 343 F.3d at 544–45.

[68] Rec. Doc. 41.